IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHARYL PINEDA, a minor, by and through KATHERINE PINEDA, his guardian ad litem,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION,<br><br>　　　　Defendant. | Case No. C-10-4174 SC<br><br>ORDER RE: PLAINTIFF'S PETITION FOR MINOR'S COMPROMISE |

　　Katherine Pineda, the mother and guardian ad litem of Plaintiff Kharyl Pineda ("Plaintiff"), petitions the Court for approval of a minor's compromise.  ECF No. 35 ("Pet."). Plaintiff's Complaint alleges that he suffered injuries after he slipped and fell on Defendant Target Corporation's ("Defendant") premises.  Id. ¶ 5.  On May 2, 2011, the Court denied the parties' first motion to settle this action for $3,600.  ECF No. 28.  On July 14, 2011, the parties participated in a settlement conference with Magistrate Judge Nandor Vadas.  Id. ¶ 9.  During this conference, Plaintiff's guardian accepted Defendant's settlement offer of $4,600.  Id. ¶ 10.  The parties agreed to allow the Court to rule as to how much of this amount would be deposited in an account for the benefit of Plaintiff and how much would be distributed to Plaintiff's guardian, Plaintiff's counsel, and any statutory or contractual lienholders.  Id. ¶ 12.

Plaintiff's counsel alleges the following: that Kaiser Permanente/Healthcare Recoveries ("Kaiser") has agreed to accept $292.88 as satisfaction of an alleged lien for Plaintiff's related medical expenses; that Plaintiff's guardian incurred $265 in out-of-pocket expenses in the form of co-pays to Kaiser and American Medical Response; and that Plaintiff is contractually obligated to pay Plaintiff's counsel "one-third of any amount collected on behalf of the Plaintiff plus reimbursement of costs incurred and advanced on behalf of the Plaintiff." Id. ¶¶ 12, 16, 17.

Because Plaintiff is a minor, the settlement will be deposited in a blocked account, with no withdrawals of interest or principal made without approval of the Court until Plaintiff turns eighteen. The Court will not reduce the amount to be deposited for Plaintiff's benefit absent adequate documentation. Plaintiff's counsel attaches a letter from Kaiser evidencing its willingness to accept $292.88 in satisfaction of the alleged lien, but this agreement references the rejected $3,600 settlement and states that Kaiser retains "the right to be reimbursed from any additional sources of recovery that may become available." Id. Ex. 2. As such, there is insufficient evidence that Kaiser has perfected a lien or that Kaiser has agreed to accept $292.88 of the $4,600 settlement in satisfaction of this lien. No evidence is submitted to support Plaintiff's guardian's out-of-pocket expenses, Plaintiff's contractual obligation to pay Plaintiff's counsel one-third of the settlement proceeds, or Plaintiff's counsel's alleged unreimbursed expenses (which Plaintiff's counsel alleges total $2,854.69). Accordingly, Plaintiff's counsel, Plaintiff's guardian, and any lienholders seeking a portion of the settlement

1  amount are given fifteen (15) days to provide the Court with
2  documentation supporting these set-asides.  If no appropriate
3  evidence is provided within this time frame, the Court will direct
4  Defendant to deposit the settlement proceeds in Plaintiff's blocked
5  account.

7       IT IS SO ORDERED.

9       Dated: August 25, 2011           
10                                       UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California